# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 9, 2012          Decided May 18, 2012

No. 11-5117

JORGE PONCE,
APPELLANT

v.

JAMES H. BILLINGTON, LIBRARIAN, UNITED STATES LIBRARY
OF CONGRESS,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-01028)

*Michael J. Kator* argued the cause and filed the briefs for appellant. *Kerrie D. Riggs* entered an appearance.

*Yuval Rubinstein* and *Melvin Radowitz* were on the brief as *amici curiae* AARP, et al., in support of appellant.

*Michelle Lo*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen*, *Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: TATEL and GARLAND, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Following trial, a jury rejected appellant's claim that the Library of Congress violated Title VII of the Civil Rights Act of 1964 when it selected someone else for an open position. Now seeking a new trial, appellant argues that the district court erred by instructing the jury that he had to prove that unlawful discrimination was the "sole reason" for his non selection. Although we agree that "sole reason" is not the correct standard, the jury instructions themselves corrected any error by defining "sole reason" as "but-for" causation. Recognizing, however, that our recent Title VII employment discrimination cases have caused some confusion, we take this opportunity to clarify the requirements the statute places upon plaintiffs and the courts.

## I.

Appellant Jorge Ponce, a Cuban American male, applied for a position as Director of the Library of Congress's Office of Workplace Diversity but was passed over in favor of Deborah Hayes, an African American female. Although Hayes received the highest interview scores out of the sixteen finalists for the position, she lacked some credentials that Ponce possessed, such as a master's degree in Library Science and experience working as a librarian. After exhausting his administrative remedies, Ponce filed suit in the United States District Court for the District of Columbia, alleging that the Library had discriminated against him on the bases of race, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

Before empaneling the jury, the district court shared its proposed jury instructions with the parties. In relevant part, the instructions read:

> Mr. Ponce bears the ultimate burden proving intentional discrimination in violation of Title VII. The Library is not required to prove that it did not intentionally discriminate. In order to carry this burden of proof, Mr. Ponce must prove that illegal discrimination on the basis of race and/or national origin and/or sex was the sole reason for his non selection. That is he must prove that but for his race and or but for his national origin and or but for his sex, he would have been hired by the Library.

Trial Tr. at 34 (Sept. 30, 2010). Explaining the instruction, the district court observed that "the but for language of course comes right out of recent Supreme Court decisions," and that "the solely language comes out of" this court's decision in *Ginger v. District of Columbia*, 527 F.3d 1340 (D.C. Cir. 2008); Trial Tr. at 2 (Sept. 27, 2010). The district court nonetheless expressed confusion about our case law, stating that she hoped the losing party would appeal the jury instructions "because the Circuit totally needs to straighten it out." Pretrial Tr. at 4 (Sept. 15, 2010).

Ponce objected to the instructions, urging the court to strike the "sole reason" language. Ponce also asked the court to use the "because of" causation language codified in Title VII instead of "but for." *See* 42 U.S.C. § 2000e-2(a) ("It shall be an unlawful employment practice for an employer . . . to discriminate against any individual . . . *because of* such individual's race, color, religion, sex, or national origin[.]" (emphasis added)). Ponce's lawyer then engaged in the following exchange with the district court:

MR. KATOR: [W]e have been saying all along that it was because of. So I think that the answer would be let's just use the phrase ["]because of["] because that's what's in the statute. If we do that, then we avoid it.

THE COURT: The Supreme Court has recently told us that because of means but for. So I'm going to stick in, let me stick with but for sure.

MR. KATOR: There's nothing wrong with that certainly, Your Honor. But again, just because if we don't know we can't go wrong with the statutory definition, that much we know. Congress has said because of.

THE COURT: I think I'm going to go with the way I've modified it.

Trial Tr. at 5-6 (Sept. 27, 2010). Following trial, the jury returned with a verdict in favor of the Library.

On appeal, Ponce contends that the wording of the jury instructions constitutes reversible error. He also argues that the district court erred by refusing to admit into evidence an administrative recommendation that the Library find that Ponce "was the subject of unlawful discrimination." *Ponce v. Billington*, Personnel Appeals Board Report 32, No. 08-1028, ECF No. 43-4.

## II.

We begin our analysis of the jury instruction issue with a little black-letter law. Title VII provides that "[a]ll personnel actions affecting employees or applicants for employment" in

the federal government "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). It is well-established that this provision "legislated for federal employees essentially the same guarantees against . . . discrimination that previously it had afforded private employees." *Barnes v. Costle*, 561 F.2d 983, 988 & n.43 (D.C. Cir. 1977); *see also Hackley v. Roudebush*, 520 F.2d 108, 142 n.138 (D.C. Cir. 1975) ("Congress had the broader purpose of equalizing the essential characteristic of private sector and federal employee Title VII suits[.]"). Thus, the general provisions of Title VII apply with equal force in both private and federal-sector cases.

Title VII provides two separate ways for plaintiffs to establish liability. First, 42 U.S.C. § 2000e-2(a)(1) bars discrimination "*because of* . . . [an] individual's race, color, religion, sex, or national origin." (emphasis added). A plaintiff can establish liability under this section by proving that a protected characteristic was a but-for cause of the adverse employment action. *See McKinney v. Dole*, 765 F.2d 1129, 1138 (D.C. Cir. 1985)*, abrogated on other grounds by Stevens v. Dep't of the Treasury,* 500 U.S. 1 (1991). We have described this causation standard as "the 'single-motive' or 'pretext' theory of discrimination." *Fogg v. Gonzales*, 492 F.3d 447, 451 (D.C. Cir. 2007). Because direct evidence of an employer's discriminatory motives is often elusive, a plaintiff typically establishes but-for causation using the familiar pretext framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, discrimination claims proceed in three steps: (1) the plaintiff must prove a prima facie case of discrimination; (2) if the plaintiff does so, then the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the action in question; and (3) if the defendant

meets that burden, the plaintiff must show that the defendant's proffered reasons were "not its true reasons, but were a pretext for discrimination." *Wiley v. Glassman*, 511 F.3d 151, 155 (D.C. Cir. 2007) (per curiam) (internal quotation marks omitted). *See also Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493–94 (D.C. Cir. 2008) (providing that when, as is typical, "the employer asserts a legitimate, non-discriminatory reason" for an adverse employment action, the prima facie case "drops out of the picture," and a plaintiff must simply prove "that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin") (quotation marks and citation omitted)).

In addition to the but-for standard, 42 U.S.C. § 2000e-2(m) provides that "an unlawful employment practice is established when . . . race, color, religion, sex, or national origin was *a motivating factor* for any employment practice." (emphasis added). Authorizing what is known as a "mixed-motive" case, this provision allows a plaintiff unable to establish that a protected characteristic was the but-for cause of an adverse employment action to prevail by showing that unlawful discrimination was "a factor motivating the adverse action." *Ginger*, 527 F.3d at 1345. As with but-for causation, a plaintiff can use evidence of pretext and the *McDonnell Douglas* framework to prove a mixed-motive case. *See Fogg*, 492 F.3d at 451 n.*. Importantly, however, relief in a mixed-motive case is limited to "declaratory relief," certain "injunctive relief," and certain fees and costs if the defendant "demonstrates that [it] would have taken the same action in the absence of the impermissible motivating factor." 42 U.S.C. § 2000e-5(g)(2)(B). By contrast, a plaintiff who establishes but-for causation may recover damages, as well as declaratory and injunctive relief. *See Fogg*, 492 F.3d at 451.

And logically so. After all, if unlawful discrimination is the but-for cause of an adverse employment action, it is necessarily "a motivating factor" as well.

Even though we have described but-for and mixed-motive cases as "alternative ways of establishing liability," *id.* at 453, a plaintiff may proceed under both theories simultaneously. In *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)—the Supreme Court decision Title VII's mixed-motive provision was intended to codify—the Court held:

> [n]othing in this opinion should be taken to suggest that a case must be correctly labeled as either a "pretext" case or a "mixed-motives" case from the beginning in the District Court; indeed, we expect that plaintiffs often will allege, in the alternative, that their cases are both. Discovery will often be necessary before the plaintiff can know whether both legitimate and illegitimate considerations played a part in the decision against her.

*Id.* at 247 n.12 (plurality opinion). Thus, the Supreme Court has clarified that a plaintiff need not expressly allege in the complaint that the action is either a "pretext" or a "mixed-motives" case since the plaintiff may need discovery to correctly categorize his claim. Moreover, a plaintiff may ultimately decide to proceed under both theories of liability.

Although a plaintiff need not plead a precise theory of causation in the complaint, at some point he must place the employer and court on notice as to the theory or theories under which he intends to proceed. In *Ginger*, for example, we held that a group of plaintiffs was required to argue that race was a "motivating factor" if it wished the court to consider a mixed-motive theory when ruling on a summary

judgment motion. 527 F.3d at 1345. For the same reason, a plaintiff who wants the court to deliver a mixed-motive jury instruction must expressly request one at the proper stage of litigation. There are, of course, risks to pursuing a mixed-motive claim. A jury given both a mixed-motive and a but-for instruction may, after weighing the evidence, decide to split the baby and determine that although discrimination was a "motivating factor," the employer "would have taken the same action in the absence of the impermissible motivating factor." 42 U.S.C. § 2000e-5(g)(2)(B). In such a scenario, the remedy would be limited to declaratory and certain injunctive relief (not including "admission, reinstatement, hiring, [or] promotion"). *Id.* By contrast, a plaintiff who proceeds solely under a but-for theory gives the jury an all-or-nothing choice: either find for the plaintiff, in which case the remedy would include monetary damages, as well as injunctive and declaratory relief; or find against the plaintiff, in which case the plaintiff would receive nothing.

The key issue in this case is whether the district court, attempting to instruct the jury on the but-for theory of liability, abused its discretion when it explained that "Ponce must prove that illegal discrimination . . . was the *sole reason* for his non selection." Trial Tr. at 34 (Sept. 30, 2010) (emphasis added). *Czekalski v. LaHood*, 589 F.3d 449, 453 (D.C. Cir. 2009) ("[T]he choice of language to be used in a [jury] instruction . . . is reviewed only for abuse of discretion.")(internal quotation marks omitted). As an initial matter, we agree with Ponce that "sole" and but-for cause are very different. In the context of this case, for example, the jury might have determined that Hayes was hired—and thus Ponce rejected—because of two relevant but-for causes, both of which were necessary to her selection: (1) her stellar interview, for which she was ranked the highest among the candidates, and (2) her race. In such a situation, a jury

properly instructed as to but-for causation would find for the plaintiff, whereas a jury taking a "sole cause" instruction literally would find for the Library. Recognizing this concept, the Supreme Court expressly held in *McDonald v. Santa Fe Trail Transportation Co.* that nothing in Title VII requires a plaintiff to "show that he would have in any event been rejected or discharged *solely* on the basis of" a protected characteristic. 427 U.S. 273, 282 n.10 (1976) (emphasis added). Instead, "no more is required to be shown than that [a protected characteristic] was a 'but for' cause." *Id.*

It is true that our own Title VII cases have said that a plaintiff may prevail in a *motivating-factor* (mixed-motive) case without showing that unlawful discrimination was "the sole or but-for motive for the employment action." *See Fogg*, 492 F.3d at 451 (quoting *Porter v. Natsios*, 414 F.3d 13, 19 (D.C. Cir. 2005)). This merely means that a "motivating factor" may be less significant than either a sole or but-for cause. But we never said—nor could we given *McDonald*— that a plaintiff in a *but-for* case must show that an adverse employment action occurred solely because of a protected characteristic. Indeed, in *Porter v. Natsios*, our first decision to have used the "sole or but-for motive" language, we cited the Supreme Court's *Price Waterhouse* decision, explaining that *Price Waterhouse* "recogni[zed] that the statutory phrase 'because of' does not mean 'solely because of.' " *Porter*, 414 F.3d at 18 (quoting *Price Waterhouse*, 490 U.S. at 241); *see also Price Waterhouse*, 490 U.S. at 241 n.7 (noting that Congress "specifically rejected an amendment that would have placed 'solely' in front of the words 'because of'" in Title VII). Then, in *Ginger* we used "sole motive" as shorthand for but-for cause, suggesting that in a "single-motive case," a plaintiff "argues race (or another prohibited criterion) was the sole reason for an adverse employment action." 527 F.3d at 1345. Understandably, then, the district

court here read *Ginger* as requiring that the jury instruction include "sole reason." We thus take this opportunity to clarify: nothing in Title VII requires a plaintiff to show that illegal discrimination was the sole cause of an adverse employment action. And mindful that "our words from loose using have lost their edge," Ernest Hemingway, Death in the Afternoon 63 (Scribner Classics 1999) (1932), we hereby banish the word "sole" from our Title VII lexicon.

This brings us to the jury instruction in this case. Had the district court stopped at the end of the second sentence—Ponce "must prove that illegal discrimination . . . was the sole reason for his non selection"—we might well have reversed. But caught between our language in *Ginger* and the Supreme Court's repudiation of a "sole cause" standard, the district court sought to harmonize binding case law by defining "sole reason" as "but for" cause. Specifically, immediately following the "sole reason" language, the district court added the following definition: "[t]hat is he must prove that but for his race and or but for his national origin and or but for his sex, he would have been hired by the Library." Trial Tr. at 34 (Sept. 30, 2010). Given this clear definition of "sole reason," the instructions fairly and adequately conveyed the law to the jury. We therefore see nothing in the jury instructions that constitutes an abuse of discretion.

Nor did the district court err by failing to give a mixed-motive instruction. Ponce argued his case only under a but-for theory of liability. In his colloquy with the district court, Ponce's lawyer expressly confirmed that "we have been saying all along that it was because of," and further stated "[t]here's nothing wrong with that certainly," when the district court noted that "because of means but for." Trial Tr. at 5 (Sept. 27, 2010). Moreover, although Ponce contended at oral argument before this court that he had submitted a

proposed mixed-motive instruction to the district court, his filings belie that assertion. Responding to the district court's request that the parties submit "proposed alternative language" to its jury instructions, Ponce submitted a red line version of the district court's instructions with the "sole reason" language crossed out. Had the district court accepted this suggestion, the jury would have received a clear but-for instruction. Nowhere in the record do we find any indication that Ponce proposed a mixed-motive instruction.

## III.

We can easily dispose of Ponce's other argument: that the district court erred when it excluded a portion of a report by the Personnel Appeals Board of the Government Accountability Office (PAB). After Ponce filed an administrative complaint alleging discrimination, the Library delegated investigation of that complaint to PAB. *See Ponce v. Billington*, Personnel Appeals Board Report 1, No. 08-1028, ECF No. 43-4 (explaining that because Ponce's "complaint concerned the selection of the Library official responsible for processing discrimination complaints, the Library entered into an Interagency Agreement" with GAO to process and investigate the complaint). PAB ultimately recommended that the Library determine Ponce "was the subject of unlawful discrimination," *id.* at 32—a recommendation the Library rejected.

Prior to trial, Ponce moved to have the entire PAB report admitted as evidence. Although the district court admitted the "Factual Background" section of the report, it excluded the remaining portions—including the recommended finding of discrimination—because the analysis was "extraordinarily weak" and "shouldn't be before the jury." Pretrial Tr. at 6.

Ponce urges us to hold that recommendations of administrative bodies, like PAB, are *per se* admissible. But along with at least seven of our sister circuits, we think it best to leave the admissibility of administrative reports in this context to the discretion of the trial court. *See* Jamie Goetz, Comment, *Whose Opinion Really Matters? Admitting EEOC Reasonable Cause Determinations as Evidence of Discrimination*, 76 U. Cin. L. Rev. 995, 1000 n.38 (2008) (citing cases). As the Seventh Circuit explained: "A rule of *per se* admissibility . . . would clearly undercut the district court's function as an independent fact-finder." *Tulloss v. Near N. Montessori Sch., Inc.*, 776 F.2d 150, 154 (7th Cir. 1985).

Nor does Ponce point to anything in the record to suggest that the district court abused its discretion in excluding the PAB's conclusion. Quite to the contrary, the district court determined that the administrative recommendation and its analysis were "extraordinarily weak." Pretrial Tr. at 6. The district court therefore determined that the recommendation was "inadmissible as unduly prejudicial per Federal Rule of Evidence 403." Minute Order, *Ponce v. Billington*, No. 08-1028 (Sept. 24, 2010). This seems right to us.

## IV.

For the foregoing reasons, we affirm the jury verdict in favor of the Library.

*So ordered.*