# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued October 15, 2013　　　Decided December 13, 2013

No. 12-5193

HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY OF CONGRESS, INC., ET AL.,
APPELLANTS

v.

JAMES H. BILLINGTON, LIBRARIAN, LIBRARY OF CONGRESS,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:10-cv-01315)

---

*David L. Rose* argued the cause for appellants. With him on the briefs was *Joshua N. Rose*.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Laurie J. Weinstein*, Assistant U.S. Attorney, entered an appearance.

Before: TATEL and KAVANAUGH, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: The Cook and Shaw Foundation is a non-profit organization composed of current and former employees of the Library of Congress. The Foundation helps Library employees pursue allegations of racial discrimination against the Library. Pursuant to Library policy, the Library recognizes certain employee organizations and gives them meeting space and other benefits. The Cook and Shaw Foundation requested recognition as an employee organization, but the Library refused. As a result, the Foundation was denied the benefits that are afforded to recognized employee organizations.

The Library's denial of recognition transformed the Foundation's workplace request into a battle of wills. After the Library denied recognition to the Foundation, the Foundation and several individual plaintiffs – who are officers of the Foundation and employees of the Library – filed suit. Plaintiffs alleged that the Library's refusal to recognize the Foundation constituted retaliation against the Foundation because of its activities – in particular, the assistance that the Foundation provides to employees in connection with discrimination complaints. Plaintiffs did not claim, however, that the Library violated the First Amendment by retaliating against and penalizing the Foundation on account of the Foundation's speech or viewpoint. Rather, plaintiffs advanced a Title VII claim.

The District Court found that the allegations in plaintiffs' complaint failed to state a claim under Title VII. According to the District Court, the complaint did not identify any

employee who engaged in statutorily protected activity such as filing a discrimination charge and, as a result of engaging in that activity, suffered retaliation in the form of the Library's denial of recognition to the Foundation. Therefore, the District Court ruled that the complaint did not meet the basic requirements for a retaliation claim under Title VII. We agree with the District Court and therefore affirm.

I

The Library of Congress grants official recognition to Library employee organizations that are "concerned only with welfare, financial assistance, recreational, cultural, or professional activities." Library of Congress Regulation 2022-2 § 3(B). Recognition by the Library confers several benefits on employee organizations. For example, recognized organizations are permitted to hold an annual meeting using Library facilities, and employee members of those organizations may attend that annual meeting without using leave. Recognized organizations may also host other activities using Library facilities. The organizations may post materials on the Library's bulletin boards. And in some circumstances, the Library will reproduce and distribute materials to staff and new employees on behalf of recognized organizations.

The Cook and Shaw Foundation is a non-profit organization composed of current and former employees of the Library. The Foundation helps Library employees pursue allegations of racial discrimination against the Library. The Foundation sought official recognition from the Library. But the Library denied the Foundation's request. The Library explained that the Foundation's purpose of helping employees bring and maintain lawsuits against the Library is inconsistent

with the Library's policy that recognized employee organizations be "concerned only with welfare, financial assistance, recreational, cultural, or professional activities." *Id.*

The Foundation and several of its individual officers – who are also employees of the Library – sued in the district court, asserting that the Library's denial of recognition constituted retaliation in violation of Title VII. *See* 42 U.S.C. §§ 2000e-16(a), 2000e-3(a). The Library argued that plaintiffs lacked standing and that plaintiffs' complaint failed to state a claim under Title VII. The District Court concluded that both the individual plaintiffs and the Foundation had standing. But the court dismissed plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim of retaliation under Title VII. *See Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library of Congress, Inc. v. Billington*, 802 F. Supp. 2d 65 (D.D.C. 2011).[1]

Plaintiffs then filed a Rule 59(e) motion to alter the judgment and a Rule 15(a) motion for leave to file an amended complaint. The District Court denied both motions. On the latter motion, the District Court held that granting plaintiffs leave to amend their complaint would be futile, because plaintiffs' proposed amended complaint still failed to state a claim under Title VII.

---

[1] The District Court also dismissed without prejudice plaintiffs' claim that the Library had violated Section 2000e-16(b) of Title 42 by failing to publish annual equal employment opportunity plans. Plaintiffs do not appeal that aspect of the District Court's ruling.

On appeal, plaintiffs challenge the District Court's dismissal of their initial complaint. We review de novo the District Court's grant of a motion to dismiss. *See Carter v. Washington Metropolitan Area Transit Authority*, 503 F.3d 143, 145 (D.C. Cir. 2007).

II

We first address the jurisdictional question whether plaintiffs have Article III standing to pursue their Title VII retaliation claim. To establish Article III standing, plaintiffs must demonstrate that they have suffered an injury in fact, that their injury was caused by the challenged conduct of the defendant, and that the requested relief is likely to redress their injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice" to meet those three requirements. *Id.* at 561.

The Foundation and the individual plaintiffs allege that the Library's denial of recognition to the Foundation has deprived them of certain benefits. For example, recognition would permit the Foundation (and its officers and members) to hold meetings using Library facilities, post materials on the Library's bulletin boards, and distribute materials to Library staff and new employees. The Library argues that plaintiffs have failed to allege an injury in fact because "the privileges to employees who participate . . . in recognized organizations are insubstantial." Library Br. 22. If the Library views the privileges of recognition as so insubstantial, perhaps it would have been better off granting recognition and avoiding litigation. In fact, however, the benefits of recognition are not trivial, and denial of those benefits constitutes an injury in

fact. Plaintiffs further allege that the Library's refusal to recognize the Foundation caused the denial of those benefits to plaintiffs. And plaintiffs allege that a ruling in their favor would redress their injury by allowing them to attain those benefits. The Foundation and the individual plaintiffs therefore have established Article III standing.

The Library also asserts the prudential standing "zone of interests" requirement as a bar to this suit. But at least the individual plaintiffs have satisfied the zone of interests requirement.[2]

The zone of interests requirement is a way of determining whether Congress intended that a particular kind of plaintiff be able to sue for violations of a particular statute. The issue generally arises when a plaintiff brings a claim under the Administrative Procedure Act as a party allegedly "aggrieved" by some agency action that violated a substantive statute. *See* 5 U.S.C. § 702. The Supreme Court has stated that such an APA suit may not proceed unless the interest asserted by the plaintiff is "arguably within the zone of interests to be protected or regulated by the statute that he says was violated." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 132 S. Ct. 2199, 2210 (2012)

---

[2] Members of this Court have debated whether the zone of interests requirement is jurisdictional or merely an element of a cause of action. *See Grocery Manufacturers Association v. EPA*, 693 F.3d 169 (D.C. Cir. 2012). That debate has practical significance in cases where we must consider whether to address the zone of interests requirement on our own – that is, in cases when a defendant has otherwise forfeited or waived the argument that a plaintiff is outside the zone of interests. We need not wade into that debate to resolve this case, because the Library has affirmatively raised the zone of interests requirement.

(quoting *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153 (1970)) (internal quotation marks omitted).

To be sure, this is a Title VII suit, not an APA case. But the zone of interests requirement applies here as well. Title VII permits a "person claiming to be aggrieved" by an unlawful employment practice to pursue a charge. 42 U.S.C. § 2000e-5(b), (f)(1)(A). In *Thompson v. North American Stainless, LP*, the Supreme Court held that the language "person claiming to be aggrieved" in Title VII is similar to the APA's "aggrieved" language and thus incorporates the "zone of interests" requirement that the Court has found to apply in the APA context. 131 S. Ct. 863, 870 (2011).

That said, the zone of interests requirement poses a low bar. A plaintiff with Article III standing satisfies the requirement unless his "interests are so marginally related to or inconsistent with the purposes implicit in the statute that it cannot reasonably be assumed that Congress intended to permit the suit." *Id.* (quoting *Clarke v. Securities Industry Association*, 479 U.S. 388, 399 (1987)). As the Supreme Court has stressed, the zone of interests requirement "is not meant to be especially demanding." *Match-E-Be-Nash-She-Wish Band*, 132 S. Ct. at 2210 (quoting *Clarke*, 479 U.S. at 399).[3]

---

[3] As this discussion reveals, the term "prudential standing" is something of a misnomer when discussing the zone of interests requirement. The zone of interests question focuses on whether Congress intended to allow certain kinds of plaintiffs to sue under a particular statute. That is a question of statutory interpretation, not prudential calculation. And it is also not a standing question, at

In this case, the individual plaintiffs are employees of the Library. They claim that they were injured by the Library's allegedly retaliatory non-recognition of the Foundation. The statute at issue here, Title VII, gives injured employees a right to sue. As employees, the individual plaintiffs' interests obviously cannot be deemed "marginally related to or inconsistent with" the purposes of Title VII. *See Thompson*, 131 S. Ct. at 870 (allowing Title VII suit by injured employee over prudential standing objection). The individual plaintiffs in this case therefore have satisfied the zone of interests requirement.[4] The question, then, is whether plaintiffs have alleged facts sufficient to constitute a retaliation claim under Title VII. We turn to that question now.

## III

Did plaintiffs' complaint allege facts sufficient to constitute a retaliation claim under Title VII? Title VII provides federal employees the same substantive protections afforded private-sector employees. *See Ponce v. Billington*, 679 F.3d 840, 844 (D.C. Cir. 2012). As this Court has said, "the general provisions of Title VII apply with equal force in both private and federal-sector cases." *Id.*

One provision of Title VII concerns retaliation and makes it unlawful for an employer to:

> discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this

least not in the Article III sense of whether the plaintiff has suffered an injury caused by the defendant and redressable by the court.

[4] We therefore need not consider whether the Foundation could satisfy the zone of interests requirement.

subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). This provision protects employees who file discrimination charges (or engage in other statutorily protected activity) from materially adverse retaliation by their employers. *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Retaliation by an employer is unlawful only if that retaliation occurred because of actions by "employees or applicants for employment." 42 U.S.C. § 2000e-3(a). This case does not involve applicants for employment. Therefore, to prove their retaliation claim, plaintiffs must show (1) that an employee engaged in statutorily protected activity; (2) that the employee suffered a materially adverse action by the employee's employer; and (3) that a causal link connects the two. *See Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009). To survive the Library's motion to dismiss, plaintiffs' complaint must "contain sufficient factual matter, accepted as true," to plausibly establish those three elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even accepting the facts recited in their complaint as true, plaintiffs have failed to allege the first element of a Title VII retaliation claim: that an employee engaged in statutorily protected activity. Nowhere does the complaint allege that a particular Library employee "opposed . . . an unlawful employment practice" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). The complaint, in other words, does not allege that a particular employee – such as

one of the named individual plaintiffs – engaged in one of the statutorily protected activities and then suffered a materially adverse action because he or she had engaged in that statutorily protected activity. Moreover, when seeking a second chance from the District Court in the form of a Rule 15(a) motion for leave to amend the complaint, plaintiffs still failed to allege the required facts in their proposed amended complaint.

To be sure, the complaint does allege that the *Foundation* engaged in certain activities that led to retaliation by the Library. *See* Complaint at 5, 7, *Howard R.L. Cook*, No. 10-01315 (D.D.C. Aug. 5, 2010). Perhaps such allegations could have formed the makings of a First Amendment claim by the Foundation. But plaintiffs advanced a Title VII claim. Again, Title VII makes discriminatory retaliation by an employer unlawful only if that retaliation occurred because of statutorily protected activity by "employees or applicants for employment." 42 U.S.C. § 2000e-3(a). The statutory terms "employees or applicants for employment" do not encompass the Foundation, an employee organization.

In short, the complaint fails to allege that the Library's denial of recognition constituted retaliation for statutorily protected activity by "employees or applicants for employment." Absent such an allegation, the complaint fails to state a claim under Title VII.

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*