# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 24-5243**

**September Term, 2025**

FILED ON: JUNE 2, 2026

JAWAN N. TARQUINII,
　　　　　　APPELLANT

v.

HUNG CAO, ACTING SECRETARY, US DEPARTMENT OF THE NAVY,
　　　　　　APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-01567)

———

Before: PILLARD, WILKINS, and KATSAS, *Circuit Judges*

## J U D G M E N T

The Court has considered this appeal and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is **ORDERED** that the judgment of the district court be **AFFIRMED**.

I

Jawan Tarquinii worked as a civilian at a United States Marine Corps base in Japan. She served as the chief of a human-resources department. An inspector-general investigation found that Tarquinii had improperly used her position to help hire her husband and brother. The Corps fired Tarquinii and rejected her administrative appeals.

Tarquinii sued *pro se*. She alleged claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act. The district court granted summary judgment against her. It reasoned that the government had stated a legitimate, non-discriminatory reason for the termination—violation of anti-nepotism rules—and that Tarquinii had produced insufficient evidence that this stated reason was a pretext for discrimination or retaliation. *Tarquinii v. Del Toro*, No. 21-cv-1567, 2024 WL 4298857 (D.D.C. Sept. 26, 2024). Tarquinii appealed *pro se*, and we appointed Ben Harris as *amicus curiae* to support her position.[1]

---

[1]　Mr. Harris has ably discharged his responsibilities, and the Court thanks him for his assistance.

## II

We review a grant of summary judgment *de novo*. *Thompson v. District of Columbia*, 832 F.3d 339, 344 (D.C. Cir. 2016). Like the district court, we must view the evidence in the light most favorable to the non-movant and must draw all reasonable inferences in her favor. *Id.*

Title VII prohibits the federal government from discriminating against employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). To establish Title VII liability, the plaintiff may show that one of these prohibited considerations was a "but-for cause" of an adverse employment action. *Mayorga v. Merdon*, 928 F.3d 84, 89 (D.C. Cir. 2019) (citing 42 U.S.C. § 2000e-2(a)(1)). Alternatively, the plaintiff may show that the prohibited consideration was a "motivating factor" behind the adverse action. *Id.* (quoting 42 U.S.C. § 2000e-2(m)). The latter causation standard is easier to meet, but plaintiffs invoking it cannot obtain damages or reinstatement. *See* 42 U.S.C. § 2000e-5(g)(2)(B)(ii).

In cases lacking direct evidence of discrimination, we apply the evidentiary framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This framework applies to both but-for and motivating-factor theories. *See Mayorga*, 928 F.3d at 89. When an employer proffers a legitimate reason for its action, we focus on whether "the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race" or another prohibited consideration. *Brady v. Off. of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). This Court has held that "actual reason" does not mean "sole reason." *Ponce v. Billington*, 679 F.3d 840, 845–46 (D.C. Cir. 2012). Instead, we must assess whether a reasonable jury could find that discrimination was one but-for cause or motivating factor. *See, e.g.*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–16 (1993); *Stoe v. Barr*, 960 F.3d 627, 640 (D.C. Cir. 2020); *Johnson v. Perez*, 823 F.3d 701, 706 (D.C. Cir. 2016).

Under these standards, the district court correctly granted summary judgment. The government claims to have fired Tarquinii for an obviously legitimate reason—her violation of anti-nepotism rules reflected in a federal regulation and longstanding Marine Corps policy. And Tarquinii has pointed to no evidence from which a reasonable jury could infer that this stated reason was pretextual and that unlawful discrimination was a but-for cause of her termination. Moreover, while the *amicus* vigorously presses a motivating-factor theory of discrimination, Tarquinii did not raise that theory before the district court and thus failed to preserve it. We have held that the plaintiff must expressly develop a motivating-factor theory in order to preserve it before the district court and on appeal. *See Ponce*, 679 F.3d at 845; *Sledge v. District of Columbia*, 63 F. Supp. 3d 1, 16 (D.D.C. 2014) (K.B. Jackson, J.) ("a plaintiff is required to make the specific argument that race was a 'motivating factor' if he desires for the court to consider a mixed-motive theory when ruling on a summary judgment motion") (applying *Ponce*). On this record, we see no reason to excuse Tarquinii from that basic requirement. *See Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018).

Tarquinii's retaliation claims fare no better. To establish liability, she must show that "protected activity," such as alleging unlawful discrimination, was "a but-for cause" of her termination. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see Walker v.*

*Johnson*, 798 F.3d 1085, 1091 (D.C. Cir. 2015) (citing 42 U.S.C. § 2000e-3(a)). The summary-judgment record contains insufficient evidence to support such a finding.

Tarquinii's remaining claims, which the *amicus* does not press, also lack merit. Her Fifth Amendment claims of unconstitutional discrimination or retaliation track her primary Title VII claims and suffer from the same failures of proof. *See Ethnic Emps. of the Libr. of Cong. v. Boorstin*, 751 F.2d 1405, 1414–15 (D.C. Cir. 1985). So do Tarquinii's claims of disability-based discrimination in violation of the Rehabilitation Act, which likewise present no genuinely disputed issues of causation or pretext. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Finally, this Court already has summarily affirmed the grant of summary judgment on Tarquinii's hostile-work-environment and reasonable-accommodation claims, as well as on her plea for further discovery. *See* Per Curiam Order, No. 24-5243 (Mar. 6, 2025). Tarquinii's brief hints at various other claims or theories, but none of them is adequately developed. *See Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005).

\* \* \* \*

For these reasons, we affirm the district court's judgment. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

### Per Curiam

FOR THE COURT:
Clifton B. Cislak, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk